IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM H. CHARLES, | No. CIV S-09-0838-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| R. DRIETH, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. On May 21, 2009, the court directed Plaintiff to show cause why this action should not be dismissed for failure to state a claim upon which relief can be granted (Doc. 10). Plaintiff has filed a response (Doc. 11).

In the court's order to show cause, the court stated:

> Plaintiff names the following as defendants: R. Drieith and J. Salais. Plaintiff states that, on December 23, 2008, he was placed in administrative segregation. As a result of that placement, he states that his property was inventoried and documented for storage, with the exception of his television. He alleges that correctional officer Salais took his television set and placed it "with his personal stash." Plaintiff filed an inmate appeal

1

to have his television returned to him, but was denied the appeals process by R. Drieith, who rejected his appeal as untimely.

Plaintiff's first claim is based on an allegedly unauthorized deprivation of his property. Where a prisoner alleges the deprivation of a liberty or property interest caused by the unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984). A state's post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983. See Hudson, 468 U.S. at 531 n.11. An available state common law tort claim procedure to recover the value of property is an adequate remedy. See Zinermon, 494 U.S. at 128-29. Because plaintiff had adequate state law remedies available to him, this claim is not cognizable under § 1983.

Plaintiff's second claim is a denial of an inmate appeals process. However, prisoners have no stand-alone due process right to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). His claim against Drieith for denying his inmate grievance is therefore also not cognizable under § 1983.

In his response, Plaintiff claims that Drieith's refusal to process his inmate grievance denied him the only state-provided post-deprivation remedy available. He claims he was denied his rights as set forth in the Prison's Code of Regulations, he does not have a meaningful post deprivation remedy, and this due process claim is all that exists. He also argues that qualified immunity is not applicable in this case.

Qualified immunity was not discussed in the court's prior order. Regardless of whether qualified immunity is applicable, Plaintiff fails to support his allegation that he has no post-deprivation remedy available to him. The Ninth Circuit has found "California law provides an adequate post-deprivation remedy for any property deprivations." Barnett v. Centoni, 31 F.3d 813 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Thus, in California, the negligent or intentional depravation of a prisoner's property fails to state a claim under section 1983. See id. Plaintiff fails to show how the institution's grievance process is the only post-deprivation remedy

available to him and why he was unable to bring an action in state court under California law. The undersigned therefore finds Plaintiff had an adequate post-deprivation remedy, and therefore cannot state a claim for denial of due process for the intentional depravation of his property.

Based on the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted;

2. The Clerk of the court is directed to enter judgment and close this case.

DATED: October 15, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE